IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NOS. PD-1639/1640-06






TONY LEE BLACKLOCK, Appellant


 

v.



THE STATE OF TEXAS








ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE THIRTEENTH COURT OF APPEALS

HARRIS COUNTY



 

 Hervey, J., delivered the opinion for a unanimous Court.

 

O P I N I O N


 In this case, we decide that appellant is entitled to post-conviction DNA testing under Article 64
of the Texas Code of Criminal Procedure.

 Appellant was convicted in 1995 of an aggravated robbery and an aggravated sexual assault, both
of which occurred on November 13, 1992, during the same transaction. Appellant received two, stacked
life sentences. The victim knew appellant and identified him at his 1995 trial as the one who robbed and
sexually assaulted her. The State presented other evidence at appellant's 1995 trial that DNA testing of
semen from the victim's vaginal smears was inconclusive on the issue of identity. The State did rely on this
evidence at appellant's 1995 trial to show that a sexual assault occurred.

 In 2005, appellant filed a motion for DNA testing of the (previously DNA-tested) semen from the
victim's vaginal smears and of semen left by the victim's attacker on the victim's pants and panties during
the 1992 attack. (1) This motion alleged that there "is no indication in the statement of facts that [the State]
tested the semen on the pants or panties." This motion also appears to allege that DNA testing of this
material, with DNA testing techniques improved since appellant's 1995 trial, will exclude appellant as the
victim's attacker. (2)

 The convicting court denied appellant's request for DNA testing based on findings that appellant
failed to show that "identity was or is an issue in this case" and that he failed to show, by a preponderance
of the evidence, that "he would not have been convicted if exculpatory results had been obtained through
DNA testing." (3) In affirming the convicting court's ruling, the court of appeals decided that identity is not
an issue because appellant failed to allege that identity is an issue and because the victim testified at
appellant's 1995 trial "that she knew appellant and that he had robbed and sexually assaulted her." See
Blacklock v. State, slip op. at 6-7 (Tex.App.-Corpus Christi Nos. 13-05-474-CR & 13-05-475-CR,
delivered August 17, 2006) (not designated for publication). The Court of Appeals also decided that
appellant failed "to provide facts in support of his motion" to establish "by a preponderance of the evidence
that he would not have been convicted if exculpatory results had been obtained through DNA testing." See
id. We granted appellant's petition for discretionary review to review these decisions by the court of
appeals.

 Appellant's 2005 motion for DNA testing has fairly alleged, and shown by a preponderance of the
evidence, that the victim's lone attacker is the donor of the material for which appellant seeks DNA testing. 
Thus, on this record, exculpatory DNA test results, excluding appellant as the donor of this material, would
establish appellant's innocence. The legislative history of Chapter 64 of the Texas Code of Criminal
Procedure very clearly shows that this is precisely the situation in which the Legislature intended to provide
post-conviction DNA testing. See generally Kutzner v. State, 75 S.W.3d 427 (Tex.Cr.App. 2002). (4)

 That the victim testified that she knew appellant and identified him as her attacker is irrelevant to
whether appellant's motion for DNA testing makes his identity an issue and whether it shows that
exculpatory DNA tests would prove his innocence. The language and legislative history of Article
64.03(a)(1)(B) make it very clear that a defendant, who requests DNA testing, can make identity an issue
by showing that exculpatory DNA tests would prove his innocence. This applies even when a defendant
has pled guilty, thereby conceding the issue of identity at trial. See Article 64.03(b) (convicting court
prohibited from finding that identity was not an issue in the case solely on the basis of guilty or nolo
contendere plea); but see Bell v. State, 90 S.W.3d 301, 308 (Tex.Cr.App. 2002) (suggesting that a prior
confession renders identity a nonissue in a Chapter 64 proceeding). (5) This also applies even in cases like
this where the victim knew the person she identified at trial as her attacker.

 The judgment of the court of appeals is reversed, and the case is remanded to the convicting court
for further proceedings consistent with this opinion.


 Hervey, J.


Delivered: September 26, 2007

Publish
1. We understand the State's response to appellant's motion for DNA testing and the convicting
court's findings to reflect that this material is available for DNA testing.
2. Appellant's motion alleges:


 Had the biological evidence been subjected to proper DNA testing capable of determining
the identity of the donor of the semen, as defendant believes is possible today, and such
results excluded the defendant as the donor, it is reasonably probable that the defendant
would not have been prosecuted or convicted.
3. See Article 64.03(a)(1)(B) & (a)(2)(A), Tex. Code Crim. Proc., (convicting court may order
DNA testing if it finds, among other things, that "identity was or is an issue in the case" and "the convicted
person establishes by a preponderance of the evidence that the person would not have been convicted if
exculpatory results had been obtained through DNA testing").
4. This Court's decision in Kutzner did not decide that a defendant must prove his "actual innocence"
as a condition to establishing his right to DNA testing. See Kutzner, 75 S.W.3d at 438-39. Instead,
Kutzner decided that a defendant proves his right to DNA testing of evidence by showing that exculpatory
DNA results would establish the defendant's innocence. See id.
5. The version of Article 64.03(b) applicable to appellant's case provides that a "convicted person
who pleaded guilty or nolo contendere in the case may submit a motion under this chapter, and the
convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of
that plea." See Acts 2003, 78th Leg., ch. 13, § 3. In 2007, the 80th Legislature amended Article 64.03(b),
which now provides that a "convicted person who pleaded guilty or nolo contendere or, whether before
or after conviction, made a confession or similar admission in the case may submit a motion under
this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case
solely on the basis of that plea, confession, or admission, as applicable. See Acts 2007, 80th Leg., HB
681, § 4 (emphasis noting change from prior law supplied).